The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion on the following questions concerning an alderman serving successive terms from different wards:
 1. Is an elected alderman in a city of a first class required to live in the ward that they are elected from throughout their term of office? If the answer is affirmative, when does their ineligibility become effective? In other words, assuming an alderman is elected to serve Ward 1 and later builds a home in Ward 2, does his ineligibility become effective when he physically moves from Ward 1 to Ward 2, though they still own the home in Ward 1?
 2. At what point does a candidate for alderman in a city of the first class have to take up residence in the ward that they are elected from? In other words, under the previous scenario, assuming the alderman living in Ward 1 during their first term of office commences the construction of a new home in Ward 2, can he or she file for the position of alderman in Ward 2 though they have not changed their physical residence at the time of filing, but plan on doing so before commencing their new term of office?
 3. Assuming the person in questions one and two is the same person, how do you reconcile any incongruity? In other words, under what circumstances can an elected alderman move from one ward to another serving successive terms from each with no lapse in service?
The answer to the first part of your first question is, clearly, "yes," in accordance with A.C.A. § 14-43-309 which provides in relevant part that "[i]n all general elections for alderman in cities of the first class, the aldermen so elected shall reside in their respective wards, as provided by law." A.C.A. § 14-43-309(a)(1) (1987). See also A.C.A. §§14-43-307(a)(1) (Supp. 1995) ("candidates for the office of alderman in cities of the first class shall reside in the ward from which they seek to be elected . . . [;]") and 14-43-310 (1987) (regarding disqualification from office of any alderman who "shall cease to reside in the ward from which he was elected.")
In response to the second part of this question as to when the ineligibility becomes effective, reference must be made to A.C.A. §14-43-310, supra, wherein it states that the alderman "shall be disqualified" if he "shall cease to reside in the ward. . . ." It thus seems clear that he is ineligible, i.e., "disqualified," at the point he ceases to reside in the ward. This will present a question of fact in each instance, to be resolved on a case-by-case basis. See, e.g., Op. Att'y Gen. Nos. 95-401 and 92-112 (copies enclosed).
As you can see from the enclosed opinions, in determining the qualifications of public officials, the term "residence" is usually treated as being synonymous with "domicile." The situs of a person's domicile is a question of fact which this office is neither equipped nor empowered to answer. Opinion 92-112 (enclosed) discusses the concept of domicile and provides guidance for determining domicile in particular fact situations. Because there have been no significant developments in the applicable Arkansas law since the date of that Opinion, I will not repeat what was said there except to emphasize that the case of Charissev. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972) appears to be the controlling precedent in situations involving an official who removes his or her residence from the relevant jurisdiction but expresses an intention to return there. This may raise the question of whether the official has actually effected a change in his or her domicile. In this regard, Charisse reflects the Supreme Court's admonition that while a person's stated intent is one relevant fact in determining domicile, his conduct is more important than his statements in evidencing his true intent. Charisse, 252 Ark. 15, 104.
With regard to the last part of your first question, therefore, the physical move from Ward 1 to Ward 2 may or may not be determinative of his continued qualification to serve Ward 1, depending upon all of the surrounding facts and circumstances. Does he contend that he is still domiciled in Ward 1? Is this verified or supported by his conduct, i.e., do his actions bear out a stated intent for Ward 1 to remain his fixed and permanent home? See Op. Att'y Gen. 92-112 at 2 (regarding some of the factors looked at to determine whether a person has the requisite intent to establish a domicile in a particular place). While the fact that he still owns a home in Ward 1 may be a factor to consider in this regard, the domicile issue ultimately remains a question of fact to be resolved based upon all of the particular circumstances.
In response to your second question concerning candidacy for the alderman position, it is my opinion that the candidate must be a resident of the ward at the time of filing as a candidate. This follows, in my opinion, from the requirements in Arkansas Code Annotated § 14-43-307(a)(1),supra, "[c]andidates for the office of alderman in cities of the first class shall reside in the ward from which they seek to be elected. . . ." (Emphasis added). See also A.C.A. § 14-43-308(a)(1) (1987) (requiring that in primaries, candidates for nomination for alderman "shall reside in their respective wards.") Reference must also be made to A.C.A. §7-5-207 wherein it states that "[n]o person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is a candidate. . . ." A.C.A. § 7-5-207(b) (Repl. 1993).
Thus, with respect to the scenario presented in your question involving an alderman who is serving in Ward 1 and who has not changed his residence, i.e., domicile,[1] to Ward 2, it is my opinion that this individual may not, as a legal matter, properly file for the position of alderman in Ward 2.
In response to your final question regarding successive terms with no lapse in service, it is my opinion that there are no circumstances under which this can legally occur. As is apparent from the above discussion, the alderman must continue to reside in Ward 1 in order to continue to be qualified for that position. And in order to legally file for the Ward 2 position, he must be a resident of that Ward at the time of filing. The residency requirements thus, as a legal matter, prevent this "successive term" scenario.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I believe the residency requirement for candidates would also be treated as synonymous with "domicile" in light of § 7-5-207's mandate,supra, that one must be "qualified and eligible at the time of filing. . . ."